We have four argued cases on the docket today, all patent cases from different fora, but each one is a patent case. I want to thank the parties and the clerk's office for accommodating the request to start early today, and I especially want to thank my panel members since I was the one behind it. But in any event, the first case on the docket is Vapor Point v. Moorhead, docket number 151801. That is an appeal from the District Court in Southern District of Texas. Mr. Ramey, you want two minutes for rebuttal? Okay, you may proceed. Good morning, Judge O'Malley, Judge Chen, and Judge Stoltz. My name is Bill Ramey, and I represent the appellants Nano Vapor Inc., Elliott Moorhead, and Brian Hickman in this appeal. And I'd like to reserve two minutes for my rebuttal. If it pleases the court, may I begin? Yes. The issues in this appeal can be summarized as two main issues. Were appellants denied their right to a jury trial, an opportunity to be heard on the issues of inventorship, including obligation to assign in their infringement claims? We contend that they were. And secondly, was the District Court's determination of inventorship based on clear evidence and evidence? And we contend that it was not. Let me address the first issue as long as you mentioned that first. I'm a little perplexed here because you say that the parties assigned their rights, and therefore, you can sue them even if they are co-inventors. Is that right? Yes, Your Honor. We have contentions of their obligations to assign. Okay. So, obligations to assign. Now, I've looked at the transcript. I also looked at your post-trial motion for a new trial. And in each of those, it's clear that everyone agrees there's no writing, no assignment in writing. Right? There's no signed employment agreement, Your Honor, if I may. Employment agreements that the parties... I understand that. But doesn't Section 261 of the Patent Act require a writing? Yes, Your Honor, except in cases where an inventor is hired to do a specific task, such as develop certain technologies, was the case here, namely Matheson, and Nathan was brought on to do testing. When that's the case, the court can infer an obligation to assign those inventions to the company. That is only to serve as an equitable defense to the company if the company were to be sued for practicing the invention. Isn't that true? I think it extends beyond the shop right, Judge. My understanding is that the court can attach legally an obligation to assign when there are those facts. When the parties that was hired either... Yeah. So, what do you cite for that proposition? That it actually gives you standing to assert an infringement claim without a written document? We cite back to... Pardon me, Your Honor. We cite back to... The cases we cite in our brief is what we'll stand on, but the obligation to assign was found at A0629 of the appellate record, and there's the case we're citing there. I'm not actually carrying a cite for that. It's when people operate as officers of a company. That's another instance, Your Honor. In this case, both Matheson and Nathan had positions as officers of the company, and they were actually hired to invent, and they were inventing that subject matter, what was the company's sole product at the time, and that's another instance where the courts can... Well, I'm going to need the case citation because my understanding of the case law is different from yours. I mean, we can't just ignore Section 261 that requires a writing. The only time that you can have the equitable obligation to assign is when you are asserting it as an equitable defense. Yes, Your Honor, so even if we get... But you haven't been sued for infringement. No, Your Honor, we have not. Okay, but you understand that there's a distinction between conferring standing on someone and actually having the right to assert an equitable defense. Yes, Your Honor, and I understand that there's a difference, and I still maintain that there is an obligation to the person that was hired was operating pursuant to an employment agreement. This is Texas Fifth Circuit law. If they're operating pursuant to an employment agreement, they had an obligation to assign. If they were paid under that law, if they're paid under that contract, if they were operating under that contract, carrying business cards, performing under that contract, then they were performing according to the terms of that employment agreement, and that employment agreement maintained that they had an obligation to assign. To go further into the evidence in this case, Your Honors, Nathan, in fact, did sign a prospective hire agreement and only didn't sign the final agreement that was handed to him, the employment agreement. He had basically... Was there an assignment of any future inventorship rights in that prospective hire agreement? Not specifically, no, Your Honor, not stated. Okay, but you would agree then to the extent that 261 applies, you don't have a right There is no right expressed, yes, Your Honor. Okay. Okay, and to go... If we wanted to go back to where it was in the arguments, it's fundamental that the right to a jury trial is supposed to be a fundamental right and a constitutional right under the Seventh Amendment. That implies both an opportunity for a jury trial and at least the opportunity to be heard. In this particular case, there's no question that NanoVapor pled issues of ownership and there's no question that that was pled in both the original answer to the First Amendment complaint and going back to the original answer to the original complaint. It appears... I'm sorry, go ahead. You're relying on your affirmative defenses that you had when you're talking about you pled it or are you saying that you pled it in the context of infringement? We pled in the context is regardless of what this court determines on the case of inventorship, there's still an obligation to assign for the company. Where's that? The obligation to assign... What page in the record are you relying on? Yes, Your Honor. The obligation to assign comes from... We're going back to the obligation to assign. It comes back from A0629. Your Honor, as we talk about it there and if we go back to the employment issues, Your Honor, which was not developed by the court and was never brought up for hearing or an opportunity to be heard, those employment issues... A0629 is your motion for a new trial. So where in the pleadings do you plead an obligation to assign? In your Fourth Amendment complaint or whichever complaint, any of your complaints, which one? Well, pardon me. Pardon me, Your Honor. At A077 is the answer to the original complaint. My apologies. And then A00163, paragraphs 108 to 117 are where we raise those issues. I'm sorry, I misunderstood. What was that site again? Yes, A0163, Your Honor, paragraphs 108 to 117 is the answer to the First Amendment complaint. And then the answer to the original complaint is document A0077, paragraphs 27 and 38. Which paragraph are you relying on? 15 through 17, 115 through 117, pardon me, Your Honor, of the original answer to the First Amendment complaint. And then 27 and 38 are where it tracks from in the original answer, show that the issue was brought up. The employment issues, if I may, Your Honors, are discussed at A0573 in the record. There's some evidence brought up on employment issues. It wasn't specifically addressed because we read a Section 256 hearing where only inventorship was discussed, but there is some record evidence of that at A0573. One of the things the district court found was waiver, right, of this issue? Yes, Your Honor. So looking at page A1481, which is part of the transcript in the proceedings before the district court, there's a statement there that says this issue is ultimately most likely dispositive of the other issue, now just infringement. What did you mean by that, this issue is ultimately most likely dispositive? Yes, Your Honor, we assume that the inventorship determination from the hearing was turned out in favor of Moore had been confirmed as the sole inventor, and that's what I meant by that. And so I clearly indicated to the court at that point that it wasn't dispositive, but it's most likely... No, you said it would most likely be dispositive if the court ruled against you, not in your favor. It's ultimately most likely dispositive at that point if it's decided against Nanobee. And then you go on to the next sentence like... But what did that one sentence mean? Yes, Your Honor, the sentence immediately before that starts with the negative, the fact that Moore had been determined not to be an inventor, decided against this, and that's how it... Then you said that would be dispositive. If Moore had been left on to the patent by a sole inventor, yes, Your Honor, that's exactly what we meant there. What? Say that again? If Moore had been left on as a sole inventor of the patent, that's exactly what we meant. The sentence says if you rule against Moore had and Nano Vapor on their request to be added to the patents, then that would be dispositive, ultimately likely dispositive. What the hearing says was, the court asked me, what happens if I leave Moore had on this patent? That's what the court's question was to me. And my answer back to the court was, if Moore had is left on the patent, then ultimate issues of infringement remain. And that's, Your Honor, A0743. Well, we're at A1481. This is the August 2014 scheduling hearing. The judge was trying to figure out, you know, the parties are trying to encourage her to have trial on inventorship. And she's trying to figure out, well, you want me to do this trial now on just inventorship? Is that really going to be the ball of wax, so to speak? And this is the moment in time where you say, well, if the inventorship question is, quote unquote, decided against Nano Vapor, then this inventorship issue is ultimately most likely dispositive of the case. Your Honor, yes, and ultimately Moore had was left on the patent. And that's what I indicated. And if Moore had were left on the patent, I reiterated this. But when it says, if it's decided against Nano Vapor, the way I read that statement is that what that must mean is that Nathan and Matheson successfully established that they are, at a minimum, co-inventors. And so, therefore, you know, your lawsuit against them dissolves. And, Your Honor, technically, what we're referring to there, they had also pled for the removal of Moore from the patent. So if that was what, if they had complete success, then it would have been dispositive as to the inventorship motion. We remember that waiver of the right to a jury and opportunity to be heard on an issue is something zealously guarded by the court because it's protected by our Seventh Amendment and is protected by both our fundamental rights and constitutional rights. And the courts should defer all presumption against the waiver of a right to a jury. And in the case where there's a question, that inference of evidence, whether or not the court questions whether we were given the court saying that if it was ruled partially against us or completely against us, and we meant if we were removed from the patent, but if this court were determined that if it was only ruled partially against us, I would say that the presumption that we were still denied the right to a jury trial controls, and this court must send this back for a trial on ownership and infringement. But when you filed your motion for a new trial, or your multiple motions for new trials, all you said was because you had asserted an affirmative defense of ownership, that you therefore had this right to a trial on ownership, but ownership is not an affirmative defense to a 256 action. That's correct. And I think that the first and second motions stayed in that manner. And I believe we tried to correct that in the defense, but it was still brought up in the pleadings, and with the liberal construction of pleadings, what we were saying was, look, even if the venerative determination comes against us, there's still an obligation to assign here, and we have an opportunity to be heard on that issue before the court. And we weren't given that opportunity. We did put into before the courts and the pleadings some of the evidence we would have used for obligation to assign to allow the court to judge for itself, the district court before it issued final judgment, that there was some reason for us to go forward, because we didn't take that evidence when we had the chance during discovery. But ultimately, the court determined that the inventorship hearing was dispositive of ownership, which that's never been the case before. The law is clear. No, she didn't say it was dispositive of ownership. What she said is that you told her that the inventorship hearing was all you wanted, and that you would give up on everything else, and that you never asserted an ownership claim or made it clear that that was an issue still alive in the case, because she never would have gone forward with a 256 hearing in the absence of a full development of the record. Your Honor, all I can say is we specifically only dismiss those state law causes of action that the court found shared a common core of factual elements with the inventorship claims. Those were very specific, about nine common law state causes of action that mirrored the ones brought by the plaintiffs in this action. We both simultaneously dismiss those to get to the inventorship hearing. We never, in any way, filed any writing. We never gave up our rights to have a trial or a hearing on the issues of ownership, the ultimate issue of infringement. Okay, you're into your rebuttal. We'll give you your full two minutes, but your time is up. Thank you, Your Honor. May I approach? Yes. Judges Chan, O'Malley, Stoll, good morning. May it please the court, my name is Jason Weges. I'm here on behalf of the Appellees and the cross appellants in this matter. I take it that you agree with your friend on the other side that this equitable issue of an obligation to assign, it would be sufficient to confer standing because you never argued that it wouldn't be. I'm sorry, can you repeat the question? Okay, I mean, you did not argue that 261 required a written assignment. You never argued that there is no such thing as an equitable ability to confer standing, so I assume that means you agree with him. We agree that there is no standing and that any assignment would require a writing, and there was not a writing in this case. The standing argument that we made relates to the inventorship determination, and from that determination, they had no standing because all of the owners in the patent were not joined as plaintiffs in the suit. So, Nano Vapor, as the assignee of the 310 patent alone, would not have standing to proceed on an infringement claim. Well, there is a legal doctrine that addresses the question of an obligation to assign that flows to employees or officers of companies, and yet you didn't argue that that doctrine wouldn't apply in this case. We never got to that point, Your Honor. The issues of employment, obligations to assign, ownership were not heard by the district court. They were dismissed and waived. Okay. And I'm prepared to address that in more detail. There were state law claims in this case. All of the state law claims were dismissed by agreement of the parties. The district court correctly determined that the district court could not proceed on the inventorship claim because of overlapping factual issues with the state law claims, including ownership and assignment, which I think Mr. Ramey... Well, she didn't actually refer to those when she said there were overlapping issues. She just said there's so many state law claims, there's got to be some overlapping issues. I believe that's generally correct. There were a number of state law claims, and they all were intermixed with this inventorship question as far as who contributed what, who conceived what, who was doing what during the course of this development process that contributed to the claims in the 310 and 862 patents. Well, Mr. Ramey didn't cite us to it. His complaint for infringement does include affirmative claim of ownership, and it even refers to ownership by assignment or obligation to assign, does it not? Correct. There were affirmative defenses pled relating to... No, that's not a defense. That's in his complaint of infringement, is it not? I don't recall that being in his complaint of infringement, and I also don't see how the ownership obligations with respect to employment and assignment are relevant to the infringement determination. Well, don't you have to plead ownership in order to plead an infringement claim? I mean, wouldn't that make it relevant? I think the ownership is inferred from the face of the patent. The assignee named on the patent, in this case NanoVapor, was bringing the suit, so there may be an affirmative allegation. On page 253 of the record, paragraph 85, NanoVapor says, as part of its count of infringement of the 310 patent, that it's the owner of the right title and interest in the 310 patent. So it does affirmatively claim that. Okay. So how does that change your answer? Well, I don't think that that is a defense to the inventorship, which was the only live claim in the case. It's not a defense. It's a claim of infringement, and you have to show you're the is it not? In the context that it was pled, it's been pled as an element. I guess what you have to persuade us of is that the district court was right that somewhere along the way during the course of the proceedings, the other side waived any assertion of ownership of any of Nathan and Matheson's rights if Nathan and Matheson were ultimately proven to be co-inventors. And the judge said that all parties agreed that inventorship would be the main event and the final event of the case. But what can you point us to, aside from A1481, that helps establish what the district court concluded was a waiver of the ownership angle? Sure. There are numerous citations in the record similar to the citation that is being referred to, and I have those here if the court would like to hear those. I don't know that they necessarily say anything different other than Mr. Ramey's statements on the record that the only claims left would be infringement and ownership going forward. But if ownership is part of infringement, then why isn't it enough to say the only claim remaining is infringement? I just don't see how that's correct, because the ownership question that they're arguing is an affirmative obligation of the plaintiffs in this case to assign their rights, and they're arguing that as a defense to this entire case. What they're saying is it doesn't matter. I don't understand when you say they're arguing it as a defense. They haven't been sued for infringement, right? Correct. What they're saying is the inventorship doesn't matter. At the end of the day, even if Nathan and Matheson are inventors of this patent, they had an obligation to assign any interest they had to Nano Vapor. They're saying they also seem to have pled it in the terms of their infringement. I understand. They're saying there's infringement of the 310 patent, and as part of that infringement claim, we are owners of this patent. I think that's a totally different context than what they're trying to get a second bite at the apple on at the district court, which is to go back and now re-argue that they're the owners of Nathan and Matheson have an obligation to assign. Even the outdated form 18 required, in its very cryptic pleading, a claim of ownership. Why isn't that an element of an infringement claim? I will concede. I'm not arguing that that's not an element of the infringement claim. What I'm saying is that in that context, you're not going to take up an affirmative claim with the court that you are not the owner of the patent. His affirmative claim is that I'm the owner. Correct. And that it's the other side that would have to assert the defense that no, he's not. Correct. I agree with that. We did not assert that defense in that context. What we said is we are inventors of your patent. That was our claim under Section 256. But inventorship isn't the end of the inquiry, is it? I believe it is here, Your Honor. I believe after the inventorship was determined, they no longer had standing to pursue their infringement claim as a matter of law. But they're claiming that they still have ownership. And therefore, because they still have ownership, they can still argue infringement. I don't think that they can, because there was no written assignment assigning Matheson and Nathan's rights to Nano Vapor or Mr. Moorhead or anyone else. And they were determined by the district court to be inventors, which would relate back to their conception of the elements of the claims which they were determined to be inventors of. And so your view is that the work for hire doctrine can only be an equitable doctrine that is asserted in response to a claim of infringement. And so therefore, they didn't have standing to continue to argue ownership. I don't think that's completely my view. I think that the work for hire doctrine could be pled in this case and could be pled affirmatively. I think to the extent that that was pled here, I think that that was waived and was dismissed as part of the state law claims. And it was certainly waived to the extent that there were overlapping factual issues that would have interfered with the right to a jury trial, which the district court correctly, I believe, determined. What about the fact that their paper that they submitted to the court, their paper saying there's certain non-suit of certain state law claims lists eight specific claims but doesn't say anything about ownership? Ownership was never pled as an affirmative cause of action. It was pled as an affirmative defense in this context, taking the infringement claim, which we've conceded has an ownership element to it. There was not an affirmative state law claim relating to ownership or obligations to assign other than a breach of contract claim. So those claims, they were either dismissed because the district court said we can't go forward with the inventorship determination. I think my point, you might have missed my point, which is that they have submitted a specific paper pleading before the court saying these are the specific issues that we are non-suiting. It's at page A389 of the record. Correct. And they didn't include within that list of eight specific claims. They did not include anything relating to ownership. I agree. There's not a specific recitation of ownership in that non-suit. I wouldn't argue that that's not the case. That's correct. Okay. And so there's no waiver based on that paper. Based on that specific non-suit of those claims, there's nothing in there that would create a waiver. I do think there's a waiver for other reasons, particularly that those overlapping factual issues with those claims would have overlapped with the ownership and obligations to assign. Appellants have conceded that in their own briefing, and I have those citations as well. Further, by participating in a bench trial, evidentiary hearing, which for all essential purposes in this case was a bench trial, I believe that they did waive those claims because the district court was clear that the proceeding on the inventorship could not proceed until the state law causes of action were removed from the case due to overlapping factual inquiries. Overlapping factual inquiries between inventorship and ownership. Well, I would disagree, Your Honor. I just said, what are they? What are they? Okay. So I will defer to appellants on that. In their briefing, they say no evidence relating solely to another issue was introduced at the Section 256 hearing. That's in their principal brief at pages 12 and 13. Employment is not an issue relevant solely to the issues of obligation to assign and invention ownership by purchase. Employment is relevant to inventorship, such as underlying issues of employee ancillary improvements, experimentation at the direction of another, and joint behavior. That's at 13. In addition to inventorship, employment status was also relevant to document admissibility and whether certain statements regarding employees were intended to include or included Nathan and Matheson. That's at 14. So by their own admission, these issues and facts overlapped with each other and required a determination by the district court they would prevent a right to a jury trial, which was the very issue we had in the first place that required dismissal of all of these state laws. So you're basically saying that because he sort of, you're saying he tried to sandbag the judge. He said, judge, give me this hearing and you won't have to do anything else other than infringement. And then when he says, oh yeah, but by the way, the infringement includes ownership, that the judge had the right to say, forget it. That's exactly what I'm saying. I'm saying that they waived that. To the extent they weren't dismissed, those were waived. Also, the only live claim we had in the case at that time was infringement. So to the extent these were pled as affirmative defenses, they could really only be an affirmative defense to the infringement claim, which I think the judges would agree ownership is not a defense to infringement. And further, they did not put any evidence on at the inventorship hearing that would substantiate this assignment that doesn't exist. What about your briefing at Joint Appendix page 454? There's a pleading from you that it makes clear that an issue before the court is not the employment status or ownership, and that's irrelevant to the determination of inventorship. I mean, at least what I see here in your own pleading is some language saying to the court, look, just so you know, this hearing is only going to relate to inventorship. It's not going to relate to ownership. I agree. I don't dispute that. Our position is that this ownership claim is not a defense to the inventorship claim, which was the only live claim that we had. So it was either waived, dismissed, or they failed to argue it at some point during the course of the proceedings. They definitely had an opportunity to be heard on it. I guess what the other side is saying about what they conceded or arguably waived at A1481 was a scenario when if the district court concluded that Moorhead was not a co-inventor at all, and it was only Matheson and Nathan that were proven to be the sole inventors of the patent, then, of course, under that scenario, Moorhead and Nano Vapor would have no rights to assert infringement. But if they were all deemed to be co-inventors, then Nano Vapor would still have some rights. And that's what they were trying to make a point of during that hearing. What's your response to that? I don't think that's accurate. I think the record reflects otherwise. I think they dismissed the set of facts that the state law claims was gone and that the only thing we were proceeding on was inventorship and the infringement claim. I guess maybe the response would be if even if Moorhead was found to be not an inventor at all, theoretically, Nano Vapor still would have ownership rights if, in fact, there was some obligation to assign that was legally binding on Nathan and Matheson. So I guess what I'm trying to do is I'm trying to do a retort to them out loud, as I'm thinking out loud, that it doesn't make a difference whether or not Moorhead was proven to be a co-inventor. Because in their theory of why they would still be an owner would hold true under either scenario because Nathan and Matheson, in their view, had some legal obligation to assign their inventorship rights to Nano Vapor. Perhaps they did, but I don't think that solves their... For the sake of your argument, perhaps let's say they did, but I don't think that solves their standing issue. Even if that were true, they still have an issue of standing because Nathan and Matheson were determined by the district court to be inventors and they would have had to have been joined as plaintiffs, as all co-owners in a patent right have to be joined in order to create standing. So they have some claim in that context on a go-forward basis, but anything that came before that as to past infringement, the assignment wasn't perfected. There was no writing. They weren't plaintiffs in the suit. So I believe that that claim was properly dismissed on that basis. Okay, your time is up. Two minutes, Mr. Ramey. And why don't you answer Judge Chen's point? Because I was thinking the same thing. Why does it matter if Moorhead was not on the patent as the inventor when it's Nano Vapor who you claim was the employer? Why does it matter if Moorhead was not on the patent? Because then we couldn't practice as Nano Vapor that technology if he wasn't on the patent. Theoretically, you could if you had a shop right that arises out of this obligation that you say to assign that comes out of common law. Yes, Your Honor, and that's the danger we have with this appeal. There was not a record developed on the employment issues, on the obligation to assign, on the very issues you're talking about. But this whole point undercuts your argument that somehow you didn't sandbag the trial court on this. I go back, Your Honor, and I look at what the hearing was noticed for. There were three motions to correct inventorship filed, two by defendants, the Nano Vapor, and one by the plaintiff, Vapor Point. Of those three, all each of those was directed to a hearing under Section 256. The court then sent out a notice of hearing based on the August 29, 2014 meeting where it said, we're going to have a 256 hearing on inventorship. That was what was noticed by the court. So the evidence that was presented at that hearing related to, was for the court to determine inventorship of the patents at issue, that being the Nano Vapor patents and the Vapor Point patents. That's all that was noticed, and that's all that we were given an opportunity to be heard on. And because of that, we were denied a right to a jury trial, an opportunity to be heard on those issues. That's what we're saying. That's a fundamental, and if you go back to the case... Now, if you were ever sued for infringement by Vapor Point, you would be able to assert this chop right, would you not? And have it heard then? Not under what they were saying. They were saying they were working for themselves. If Right. Well, you'd still have to prove that. Yes, sure. But it would be a defense at that point that would be assertable, right? Yes, your honor. What we're asserting is that we actually own the patent, so we don't need to get to that point of having a defense. And had the district court presented us an opportunity to be heard on that issue, the record would be fully developed on that issue, and it's not. And then we would show that we actually had an obligation to assign four Nano Vapor by the punitive inventors. And the issues we didn't cover today on inventorship, but the record before the court clearly shows the dates of corroboration and everything for the court to render, we think, an appropriate ruling, naming Moorhead as a sole inventor, but at least to send this matter back. We have that in your briefs. Yes, your honor. Thank you all very much.